# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

## MICHAEL BROWN v. STATE OF TENNESSEE, KEVIN MYERS, WARDEN

**Direct Appeal from the Circuit Court for Wayne County**
**No. 13220     Robert Halloway, Judge**

---

**No. M2003-02955-CCA-R3-HC - Filed October 15, 2004**

---

This matter was presented to the Court upon the motion of the State of Tennessee, pursuant to Rule 20, Rules of the Court of Criminal Appeals of Tennessee, for this Court to affirm the judgment of the trial court by memorandum opinion.  We affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court**
**Affirmed Pursuant to Rule 20 of the Tennessee Court of Criminal Appeals.**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Michael Brown, Clifton, Tennessee, *pro se*.

Paul G. Summers, Attorney General and Reporter; Elizabeth B. Marney, Assistant Attorney General; and T. Michael Bottoms, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION

Petitioner, Michael Brown, was originally convicted of one count of sale of cocaine, following a jury trial in the Circuit Court of Lincoln County.  He appealed *pro se*, and the conviction was affirmed by this Court.  *State v. Brown*, No. 01C01-9711-CC-00518, 1999 WL 743610 (Tenn. Crim. App. at Nashville Sept. 24, 1999).  He subsequently filed a petition for post-conviction relief which was dismissed, and that was affirmed on appeal.  *Brown v. State*, No. M2001-00917-CCA-MR3-CD, 2002 WL 1827560 (Tenn. Crim. App. at Nashville Aug. 8, 2002), *perm. to appeal denied* (Tenn. Dec. 2, 2002).  Thereafter, he filed a *pro se* petition for writ of habeas corpus, and later filed an amended petition for writ of habeas corpus, also *pro se*, which superceded the original petition. In this amended petition, Petitioner argues that his Range II sentence of twenty years is illegal and void because the State's notice of enhanced punishment is wholly inadequate to allow a Range II sentence to be imposed by the trial court.

In its motion to affirm pursuant to Rule 20, the State argues that a purported defect in a notice of intent to seek enhanced punishment does not render the enhanced sentence illegal and therefore void. The State correctly points out that a petition for habeas corpus relief may be brought successfully only if the judgment is void or the sentence has expired. *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). The trial court summarily dismissed the amended petition for habeas corpus relief, which led to this appeal. We agree with the State's argument that the trial court appropriately summarily dismissed the petition for habeas corpus relief.

The judgment was rendered in this matter in a proceeding before the trial court without a jury, and the judgment was not a determination of guilt, and the evidence does not preponderate against the finding of the trial court.

Upon review of this matter, this court concludes that no error of law requiring a reversal of the judgment of the trial court is apparent on the record.

## CONCLUSION

Accordingly, the judgment of the trial court is affirmed.

_____
THOMAS T. WOODALL, JUDGE